UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALEM AITABDELLAH,<br><br>                              Plaintiff,<br><br>-against-<br><br>JOHN DOE, UNKNOWN SUPERINTENDENT – ELMIRA C.F.; THE N.Y.S. DEPT. OF CORRECTIONS AND COMMUNITY SUPERVISION DANIEL F. MARTUSCELLO III COMMISSIONER,<br><br>                              Defendants. | 1:24-CV-9222 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Salem Aitabdellah, who is currently incarcerated in the Mid-State Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, seeking damages and unspecified injunctive relief.[1] He names as defendants: (1) the Superintendent of the Elmira Correctional Facility; and (2) Daniel F. Martuscello III, Commissioner of the New York State Department of Corrections and Community Supervision. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Plaintiff's complaint, *in forma pauperis* application, and prisoner authorization are all styled for the United States District Court for the Northern District of New York. (ECF 1-3.)

> this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not specify where either of the defendants reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Plaintiff does allege, however, that the events that are the bases for his claims occurred in the Elmira Correctional Facility (ECF 1, at 4), which is located in Elmira, Chemung County, New York, within the Western District of New York, *see* 28 U.S.C. § 112(d). Accordingly, it is clear that, under Section 1391(b)(2), the United States District Court for the Western District of New York is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the civil action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412,

458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events allegedly occurred in the Elmira Correctional Facility, within the Western District of New York, and it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Western District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 4, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
